UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

WISCONSIN ENERGY CONSERVATION CORPORATION,

      Plaintiff,

      v.                                   Case No. 18-cv-704

SPRUCE LENDING, INC.,

      Defendant.

## COMPLAINT

Plaintiff Wisconsin Energy Conservation Corporation ("WECC"), by its attorneys Foley & Lardner LLP, alleges as follows for its Complaint against defendant Spruce Lending, Inc. ("Spruce"):

### NATURE OF THE ACTION

1.     This is an action for breach of contract and declaratory judgment arising from a contract between WECC and defendant Spruce Lending, LLC ("Spruce") for the sale and purchase of low-interest loans to homeowners for energy efficiency improvements.  Spruce has breached the parties' contract by improperly withholding funds due to WECC and unilaterally imposing a new, onerous, unauthorized monthly fee for the purchase of loans.  Spruce is taking these actions in bad faith in an effort to coerce WECC into terminating the contract early.

### THE PARTIES

2.     WECC is a Wisconsin non-profit corporation with a principal place of business at 431 Charmany Drive, Madison, Wisconsin, 53719.

3.      Upon information and belief, Spruce is a Texas for-profit corporation with a principal place of business at 2900 North Loop West, Houston, Texas 77092.

## JURISDICTION

4.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332 because WECC and Spruce are citizens of different states and the amount in controversy exceeds the sum or value of $75,000.

5.      Venue in this judicial district is proper pursuant to 28 U.S.C. §1391 because a substantial part of the events giving rise to WECC's claims occurred in this district and a substantial part of the property that is the subject of this action is situated in this district.

6.      This Court has personal jurisdiction over Spruce because Spruce conducts continuous and systematic business activities in Wisconsin and a substantial portion of Spruce's acts giving rise to WECC's claims occurred in Wisconsin.

## FACTS

7.      WECC is a non-profit entity formed in 1980 to champion and deliver innovative energy efficiency solutions for moderate- and low-income homeowners.  WECC began its work with a low-income weatherizing program for Wisconsin homeowners.  Since that time, WECC has expanded to provide various energy efficiency programs for homeowners and businesses in 13 states.

8.      One of WECC's programs is the New Jersey Clean Energy Program (the "Clean Energy Program").  Under the Clean Energy Program, WECC works with local utilities in New Jersey to provide low-interest and no-interest loans to homeowners for the purpose of making energy efficiency upgrades to their homes.

2

9.       Under the Clean Energy Program, WECC issues loans to homeowners and then sells the loans to a third party (currently Spruce) in a secondary market, similar to the way banks sell home mortgages to third parties such as the Federal Home Loan Mortgage Corporation.  The funds received from the third party's purchase of the loans are then used by WECC to issue more loans.  To cover a portion of WECC's loan origination costs, the third party pays WECC a flat fee for each loan purchased.

10.      In January 2000, WECC entered into a contract with the Federal National Mortgage Association ("Fannie Mae") whereby Fannie Mae would purchase WECC's Clean Energy Program loans as part of Fannie Mae's energy improvement loan programs.  The contract consisted of several documents referred to collectively as the "WECC Energy Loan Documents."

11.      WECC's contract with Fannie Mae required WECC to use Fannie Mae's "MORNET Manager" software platform to deliver loan data to Fannie Mae.  WECC's contract with Fannie Mae did not require WECC to pay a fee to Fannie Mae for using MORNET Manager, and Fannie Mae never attempted to charge WECC a fee for that use at any time during the performance of the contract.

12.      In early 2013, Fannie Mae announced it was ending its energy improvement loan programs and sold its loan portfolio to an affiliate of Spruce (then known as Viewtech Financial Services, Inc.).

13.      On May 10, 2013, WECC and Spruce entered into a letter agreement (the "Agreement") that essentially provided for Spruce to step into the shoes of Fannie Mae and continue to purchase loans under the terms of the WECC Energy Loan Documents.  A copy of the Agreement is attached as **Exhibit A**.

14.     In order to take over Fannie Mae's role, Spruce required WECC to begin using Spruce's "Loan View" software platform to deliver loan data to Spruce.  As was the case with Fannie Mae's MORNET Manager platform, for more than five years Spruce did not require WECC to pay a fee for using Loan View.

15.     On May 17, 2014, WECC and Spruce amended the Agreement to provide that it automatically renews for an additional one-year term at the end of April each year unless a party provides written notice of its intent to terminate the Agreement at least 60 days before the last day of the existing term.

16.     On information and belief, in the spring of 2018, Spruce decided it no longer wished to do business with WECC, regardless of what the Agreement provides.

17.     Without advance notice, on April 30, 2018, Spruce sent a letter to WECC announcing that it was terminating the Agreement effective that same day.

18.     The next day, on May 1, 2018, Spruce's parent company, Spruce Finance, Inc., announced that it would be exiting the residential energy efficient lending business.

19.     Spruce's letter purporting to terminate the Agreement violated the parties' amendment requiring 60-days advance written notice.  When WECC brought this to Spruce's attention, Spruce backed down.  On May 3, 2018, Spruce sent WECC a letter confirming Spruce's "continued commitment to its obligation under the Agreement[]."  A copy of that letter is attached as **Exhibit B**.

20.     Having been thwarted in its effort to unilaterally terminate the Agreement, Spruce decided to coerce WECC into agreeing to an early termination.

21.     In June 2018, Spruce announced that WECC would be required to use a new software platform known as "SpruceFlow" to transmit loan data to Spruce.  The new software

4

platform increased the amount of work that WECC needed to perform to transfer loan data to Spruce.

22.     A month later, on July 31, 2018, Spruce's chief executive officer sent WECC a letter stating that, beginning August 31, 2018, Spruce would require WECC to pay a monthly fee of $25,000 to continue using Spruce's SpruceFlow platform.  The letter also stated that Spruce might increase the fee in the future, but that Spruce would make "efforts" to give WECC 15-days advance notice of such increases.  A copy of that letter is attached as **Exhibit C**.

23.     In addition, Spruce subsequently notified WECC that in order to pay for part of the new SpruceFlow fee due on August 31, Spruce is withholding approximately $7,000 of "true up" funds that Spruce must release to WECC under the Agreement

24.     Nothing in the terms of the Agreement grants Spruce the right to impose a fee for use of SpruceFlow.  Without access to SpruceFlow, WECC effectively will be denied its contractual right to sell loans to Spruce.

25.     Moreover, the $25,000 amount of the fee is unconscionable.  As Spruce well knows, the fee is more than <u>double</u> what WECC often receives in monthly payments from Spruce to cover WECC's loan origination costs.  For example, in June 2018, Spruce paid WECC just $9,805 for the loans Spruce purchased that month.  During the last twelve months, the largest total monthly payments Spruce made to WECC for loan purchases was just $14,800.

### <u>COUNT I</u>
### <u>BREACH OF CONTRACT</u>

26.     WECC incorporates by reference the allegations in paragraphs 1 through 25 as if fully restated here.

27.     The Agreement is a valid contract between WECC and Spruce.

28.     WECC has performed all of its obligations under the Agreement.

5

29.     Spruce has breached the Agreement by withholding an approximately $7,000 true-up payment and imposing a monthly fee of $25,000 for use of the SpruceFlow software platform.

30.     Spruce's actions breach the covenant of good faith and fair dealing present in every contract.

31.     WECC has been and will continue to be damaged by Spruce's actions.

## COUNT II
## DECLARATORY JUDGMENT

32.     WECC incorporates by reference the allegations in paragraphs 1 through 31 as if fully restated here.

33.     There is an actual controversy between WECC and Spruce regarding the proper construction and interpretation of the Agreement.

34.     WECC seeks a declaration that the Agreement does not permit Spruce to impose a fee for use of SpruceFlow and does not permit Spruce to withhold payments otherwise due to WECC in order pay for the use of SpruceFlow.

## PRAYER FOR RELIEF

WHEREFORE, WECC prays for the following relief:

A.     damages in an amount to be determined at trial;

B.     a judgment declaring WECC's rights under the Agreement, as described herein;

C.      an award of its costs are permitted by law; and

D.     such other relief as permitted by law or as the Court deems just and equitable.

6

**JURY DEMAND:**  WECC demands a trial by jury.

Dated this 22nd day of August, 2018.

/s/ *Jeffrey A. Simmons*
Jeffrey A. Simmons, WBN 1031984
FOLEY & LARDNER LLP
150 E. Gilman Street
P.O. Box 1497
Madison, WI  53701-1497
Telephone: (608) 257-5035

*Attorneys for Plaintiff Wisconsin Energy*
*Conservation Corporation*